## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| ROBERT CULLEN | : | |
| 10 Circle Drive | : | CIVIL ACTION |
| Nottingham, PA 19362 | : | |
| | : | |
| Plaintiff, | : | No.: _____ |
| | : | |
| v. | : | |
| | : | |
| DELAWARE COUNTY d/b/a | : | |
| GEORGE W. HILL | : | |
| CORRECTIONAL FACILITY | : | |
| 500 Cheyney Road | : | **JURY TRIAL DEMANDED** |
| Thornton, PA 19373 | : | |
| | : | |
| Defendant. | : | |

_____

### CIVIL ACTION COMPLAINT

Plaintiff, Robert Cullen ("Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.    INTRODUCTION

1.    Plaintiff has initiated this action to redress violations by Delaware County, d/b/a George W. Hill Correctional Facility (hereinafter "Defendant") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year from date of dual-filing with the EEOC before the claim becomes administratively exhausted. Once exhausted, Plaintiff will seek to amend his complaint to add this additional claim, which will identically mirror his federal claim under the ADA and ADEA.

## II.     JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendant is deemed to reside where they are subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under the ADA and ADEA and has properly exhausted his administrative remedies with respect to such claim by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days after receiving a Right to Sue letter from the EEOC.

## III.     PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant, Delaware County d/b/a George W. Hill Correctional Facility, is a county-run correctional facility.

2

9.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of its employment with and for Defendant.

## IV.    FACTUAL BACKGROUND

10.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11.      Plaintiff is a 65-year-old male.

12.      Plaintiff was hired by Defendant in or about August 1987 and worked for Defendant as a Corrections Officer for approximately 35 years until his illicit termination on or about June 9, 2022 (outlined further *herein).*

13.      At the correctional facility Plaintiff was employed with, after initially being run by Defendant, it was it was operated by a series of private entities before once again coming under the control of Defendant in or about May 2022.

14.      At the time of his separation from Defendant, Plaintiff was supervised  by Sergeant Phillip Carter, as well as Laura Williams ("Williams"), who became Warden of Defendant in or about January 2022.

15.      Over his 35 years of employment, Plaintiff was a hard-working employee who performed his job well.

16.      However, by the end of Plaintiff's employment, he was well known to be one of, if not the oldest Corrections Officer within Defendant.

17.      As a result, Defendant's management, including but not limited to Carter, would refer to  Plaintiff as the "old guy," further questioning when he planned to retire from Defendant.

18.     Furthermore, Plaintiff suffers from several disabilities, including but not limited, to cancer (survivor) and heart conditions, which stem in part from suffering a heart attack and enduring related triple bypass surgery, as well as other medical complications.

19.     These disabilities are permanent and require ongoing diagnostics and continuing medical attention.

20.     As a result of Plaintiff's health conditions, Plaintiff is (at times) limited in his ability perform some daily life activities, including but not limited to regulating circulatory functions, performing manual tasks, and working (as well as other daily life activities).

21.     Despite his health conditions, Plaintiff was able to perform his job duties well, but at times required reasonable accommodations from Defendant, including but not limited to not being required to work shifts in excess of eight (8) hours, as working more than eight (8) hours at a time would exacerbate Plaintiff's disabilities, causing him to be fatigued or in pain.

22.     In fact, Plaintiff had a well-known history of internally requesting an "ADA accommodation," which merely required working no more than Plaintiff's normally scheduled 8-hour shifts.

23.     As all shifts are 8 hours within Defendant, this was a very straight-forward and easy accommodation to provide, and Plaintiff had in fact been accommodated in this regard for an extended period of time after providing substantial documentation to Defendant.

24.     However, in or about May of 2022, Defendant was institutionally demanding that every employee work "mandatory overtime," without exception(s) or concern for accommodation needs.

25.     Although there was similarly mandatory overtime in prior years as well, Plaintiff had nevertheless still previously been medically accommodated for his conditions, as described

4

above, clearly showing Defendant's ability to provide such an accommodation without any undue burden.

26.     From in or about mid-May 2022 until June 6, 2022 (Plaintiff's termination), Plaintiff had explained that he required a medical accommodation to not work more than his normally scheduled shifts of 8 hours.

27.     Instead of exhibiting any care about Plaintiff's health or having any meaningful interactive dialogue as required under the ADA, Plaintiff was literally being scheduled for double shifts of 16 hours almost every other day.

28.      When Plaintiff tried to explain to internal management that he was communicating with human resources to confirm or explain his previous and continuing need for accommodation, Plaintiff was being disciplined by Defendant.

29.     There was not even any procedure in place to temporarily accommodate Plaintiff pending discussions with human resources and there was no care or process for handling state or federal anti-discrimination compliance within Defendant upon County resumption of control.

30.     The period of Plaintiff explaining his long-term accommodation and providing additional medical support was approximately three (3) weeks, until Plaintiff was terminated without adequate dialogue as to whether he could be properly accommodated for his conditions, as he had been in years prior.

31.     Specifically, on or about June 6, 2023, Plaintiff was informed that he was being terminated, with Defendant justifying its demand that everyone, without exception, work mandatory overtime by claiming that Defendant was short staffed.

32.     However, this justification is entirely pretextual, and is clearly an excuse to avoid properly accommodating Plaintiff, as:

a. It makes no sense to terminate one of the oldest and most experienced Corrections Officers within Defendant when there are allegedly staffing issues;

b. Plaintiff had been accommodated for quite some time while working at the correctional facility, as he had only requested not to work overtime while performing his actual shifts in a stellar manner (an exceedingly easy and non-burdensome accommodation);

c. The length of actual shifts within Defendant had not changed, as each remained at eight (8) hours;

d. Plaintiff was only limited in that he could not work more than a standard eight (8) hour shift, and he was willing to work six (6) or seven (7) days a week to help with staffing needs, even up to 48-56 hours per week to assist Defendant if needed; and

e. If not so abruptly terminated and given a more reasonable opportunity for interactive dialogue, Plaintiff may have been able to confer with his physician(s) to determine if on rare occasions during a month he could work beyond an 8-hour shift; however, he was unable to due to the expediency in which he was terminated.

33.    As a result, Plaintiff believes and therefore avers that Defendant failed to accommodate him and terminated him because of his age, his disabilities, his requests for accommodations, and Defendant's failure to accommodate him.

## COUNT I
### Violations of the Americans with Disabilities Act, as Amended ("ADA")
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation; and [3] Failure to Accommodate)**

34.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35.     Plaintiff suffers from qualifying health conditions under the ADA which affected his ability (at times) to perform some daily life activities.

36.     Plaintiff kept Defendant's management informed of his serious medical conditions and need for medical treatment and other accommodations.

37.     Despite Plaintiff's aforementioned health conditions and limitations, he was still able to perform the duties of his job well with Defendant; however, Plaintiff did require reasonable medical accommodations at times.

38.     Plaintiff requested reasonable accommodations from Defendant, including but not limited to, not working shifts in excess of the standard eight (8) hours.

39.     Prior to abruptly terminating Plaintiff's employment, Defendant completely and utterly failed to accommodate Plaintiff by refusing to engage in a meaningful interactive process.

40.     Plaintiff believes and therefore avers that Defendant failed to accommodate him and terminated him because of (1) his known, perceived and/or record of disabilities; (2) in retaliation for requesting/utilizing reasonable medical accommodations, and (3) Defendant's complete and utter failure to properly accommodate her health conditions (set forth *supra*).

## COUNT II
### Violations of the Age Discrimination in Employment Act ("ADEA")
**(Age Discrimination)**

41.     As outlined *supra,* Plaintiff was terminated by Defendant when he was the oldest, or one of the oldest, Corrections Officers.

42.     As outlined *supra,* Plaintiff was referred to as "old man" in direct reference to his age.

43.     The utilization of Plaintiff's age as a determinative factor in his termination from Defendant constitutes a violation of the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

E.     Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Timothy S. Seiler, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: May 23, 2023

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Robert Cullen

v.

Delaware County d/b/a George W. Hill Correctional Facility

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 5/23/2023 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __10 Circle Drive, Nottingham, PA 19362__

Address of Defendant: __500 Cheyney Road, Thornton, PA 19373__

Place of Accident, Incident or Transaction: __Defendant's place of business__

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | | |
|---|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ | |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☒ | |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☒ | |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☒ | |

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __5/23/2023__     _____     __ARK2484 / 91538__
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

*A.*  *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

*B.*  *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __5/23/2023__     _____     __ARK2484 / 91538__
                         *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CULLEN, ROBERT

**(b)** County of Residence of First Listed Plaintiff ___Chester___
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

DELAWARE COUNTY D/B/A GEORGE W. HILL CORRECTIONAL FACILITY

County of Residence of First Listed Defendant ___Delaware___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 U.S. Government Plaintiff | X 3 Federal Question *(U.S. Government Not a Party)* | |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>X 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| | | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); ADEA (29USC621)

Brief description of cause:
Violations of the ADA, ADEA and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:     X Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE _____     DOCKET NUMBER _____

DATE 5/23/2023     SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

Print     Save As...     Reset